898 F.2d 895
 29 Soc.Sec.Rep.Ser. 152, Unempl.Ins.Rep. CCH 15317A
Samuel L. SOMMER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of the Department of
Health and Human Services, Defendant-Appellee.
 No. 929, Docket 89-6238.
 United States Court of Appeals,
Second Circuit.
 Submitted March 19, 1990.
Decided March 20, 1990.
 
 Samuel L. Sommer, Wallkill, N.Y., pro se.
 Donald A. Gonya, Chief Counsel for Soc. Security, John M. Sacchetti, Chief, Retirement Survivors & Supplemental Assistance, Litigation Branch, Randolph W. Gaines, Deputy Chief Counsel for Soc. Security, Mark S. Ledford, Office of Gen. Counsel, Dept. of Health & Human Services, Baltimore, Md., submitted a brief for defendant-appellee.
 Before NEWMAN and PRATT, Circuit Judges, and MUKASEY, District Judge.[1]
 PER CURIAM:
 
 
 1
 Samuel L. Sommer, an incarcerated pro se litigant, appeals from the September 29, 1989, order of the District Court for the Northern District of New York (Neal P. McCurn, Chief Judge), denying his motion for attorney's fees. Having achieved some success in litigation against the Social Security Administration, Sommer sought fees under section 206(b) of the Social Security Act, 42 U.S.C. Sec. 406(b) (1982), and the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d) (1982 & Supp. V 1987), and arguably made a similar claim under 42 U.S.C. Sec. 1988 (1982).
 
 
 2
 The fee request was properly denied. Section 206(b) of the Social Security Act is plainly unavailable. That provision authorizes a fee to a claimant "who was represented before the court by an attorney." 42 U.S.C. Sec. 406(b)(1). Moreover, the fee, which may not exceed "25 percent of the total of past-due benefits" awarded, is to be paid "out of, and not in addition to, the amount of the past-due benefits." Id. Sommer was not represented by an attorney and could not, in any event, gain from a fee award that must reduce any award of his own benefits.
 
 
 3
 Fees awards to pro se litigants are not as clearly precluded under the EAJA, which provides, under certain circumstances, for an award of "reasonable fees and expenses of an attorney," 28 U.S.C. Sec. 2412(b), and defines "fees" to mean "reasonable attorney fees," id. Sec. 2412(d)(2)(A). Two circuits have construed the EAJA to preclude attorney's fees for pro se litigants. See Merrell v. Block, 809 F.2d 639, 641 (9th Cir.1987); Crooker v. Environmental Protection Agency, 763 F.2d 16, 17 (1st Cir.1985). In an analogous context, we have rejected attorney's fees for pro se litigants under the Freedom of Information Act, 5 U.S.C. Sec. 552(a)(4)(E) (1988), at least for incarcerated litigants, since they cannot demonstrate that their "lawyering" has caused them to forgo their regular income. Crooker v. U.S. Dep't of the Treasury, 634 F.2d 48 (2d Cir.1980). Under the rationale of our Crooker decision, Sommer, an incarcerated prisoner, is not entitled to any attorney's fee for his pro se "lawyering."
 
 
 4
 The order of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Michael B. Mukasey of the District Court for the Southern District of New York, sitting by designation