Richard **DEMAREST**, Plaintiff–Appellant,

v.

James **MANSPEAKER**, Clerk of the United States District Court for the District of Colorado; Cathy, last name unknown, Defendants–Appellees.

No. 91–1232.

United States Court of Appeals, Tenth Circuit.

Nov. 1, 1991.

Richard S. Demarest, pro se.

Michael J. Norton, U.S. Atty. and George E. Gill, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.

Before McKAY, Chief Judge, SEYMOUR, and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Richard Demarest appeals an order of the district court denying his request for fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1988). Mr. Demarest contends on appeal that the statutory language requires the court to award him pro se fees as a prevailing party. For the reasons discussed below, we affirm.[1]

The relevant statutory section provides: "[A] court *shall* award to a prevailing party other than the United States fees and other expenses." *Id.* § 2412(d)(1)(A). The subsection further explains that " 'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, ... and reasonable attorney fees." *Id.* § 2412(d)(2)(A). Mr. Demarest claims to seek "fees," not "attorney fees," and he argues that the plain language of the statute compels such an award. Not only does Mr. Demarest fail to consider the statutory definition of "fees," but his application for fees and costs states: "Petitioner seeks attorney fees in the amount of $75.00 per hour."[2] Rec., vol. I, doc. 3 at 2.

We join other circuits in holding that attorney fees are not available for pro se litigants under the EAJA.[3] *See Sommer v. Sullivan*, 898 F.2d 895 (2d Cir.) (EAJA fees under § 2412(b)), *cert. denied*, — U.S. —, 111 S.Ct. 508, 112 L.Ed.2d 520 (1990); *Naekel v. Department of Transp.*, 845 F.2d 976, 981 (Fed.Cir.1988) (EAJA fees under § 2412(d)(1)(A)); *Merrell v. Block*, 809 F.2d 639 (9th Cir.1987) (same); *Crooker v. EPA*, 763 F.2d 16, 17 (1st Cir.1985)

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. Mr. Demarest seeks fees only for *his* efforts pro se. He does not seek fees here for his legal representatives in the Supreme Court.

3. Our opinion only considers the availability of attorney fees under the EAJA. We do not address the availability of other expenses.

(same). The language of the statute indicates that Congress intended for pro se litigants to have retained an attorney in order to recover fees under the statute. *See Merrell,* 809 F.2d at 642. Moreover, the legislative history supports limiting the award of attorney fees to litigants who have retained an attorney. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 Code Cong. & Adm.News 4953, 4984, 4988–89. "A primary purpose in enacting the EAJA, and particularly section 2412(d)(1)(A) was to remove the obstacle of litigation expenses, including attorney's fees, so that litigants may challenge unreasonable governmental action and vindicate their rights in court." *Crooker,* 763 F.2d at 17.

Awarding fees to Mr. Demarest would not further the statutory purpose. The statute attempts to enable meritorious litigation to take place, not to reward individuals who obtain legal redress. While Mr. Demarest's pro se efforts have been successful, *see Demarest v. Manspeaker,* —— U.S. ——, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991), they do not entitle him to compensation. As we said in *Turman v. Tuttle,* 711 F.2d 148, 149 (10th Cir.1983), the policy supporting fees under 42 U.S.C. § 1988 is "not to compensate pro se litigants but to enable litigants with valid claims to present their claims without having to bear the burden of the costs." The Supreme Court endorsed this view of § 1988 in *Kay v. Ehrler,* —— U.S. ——, 111 S.Ct. 1435, 1437, 113 L.Ed.2d 486 (1991) (holding that a pro se litigant who is an attorney is not entitled to fees under § 1988). We see no reason to hold differently in the context of the EAJA, and we decline to do so.

The district court did not err by refusing to award Mr. Demarest fees. We AFFIRM.