983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. SHEFFIELD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-5910.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William J. Sheffield, a pro se social security litigant and non-attorney, appeals a district court judgment denying his motion for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September 1982, Sheffield began receiving disabled child's insurance benefits under Title II of the Social Security Act. In March 1988, a notification was sent indicating that Sheffield's benefits were being suspended due to his confinement in prison after being convicted of a felony in accordance with 42 U.S.C. § 402(x). On August 28, 1989, an administrative law judge found that because Sheffield was not participating in a court-approved rehabilitation program as required under 20 C.F.R. § 404.468(a), his benefits would be suspended. The Appeals Council denied Sheffield's request for review.
 
 
 3
 Proceeding pro se, Sheffield filed a complaint seeking judicial review of the Secretary's decision. The parties agreed to remand the case in order for the Secretary to issue a partially favorable decision which indicated that Sheffield's benefits would continue, but only as of April 19, 1988.
 
 
 4
 Sheffield then filed a motion in the district court for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d). He sought compensation for 337.25 hours plus incidental expenses (totalling $25,293.75). The district court ultimately concluded that the EAJA does not authorize attorney's fees for pro se litigants and that the Secretary's original decision suspending Sheffield's benefits was substantially justified, thereby precluding an award of fees and costs under 28 U.S.C. § 2412(d)(1)(A) & (B).
 
 
 5
 Sheffield filed a timely notice of appeal. He argues that pro se litigants are entitled to attorney's fees and costs under these circumstances, citing Celeste v. Sullivan, 734 F.Supp. 1009 (S.D.Fla.1990). He requests leave to proceed on appeal as a pauper.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in refusing to award Sheffield attorney's fees and costs under the EAJA. See Perket v. Secretary of Health and Human Services, 905 F.2d 129, 132 (6th Cir.1990). Attorney's fees for pro se litigants are not authorized under the EAJA. Demarest v. Manspeaker, 948 F.2d 655, 655 (10th Cir1991), cert. denied, 112 S.Ct. 1298 (1992); Sommer v. Sullivan, 898 F.2d 895, 896 (2d Cir) (per curiam), cert. denied, 111 S.Ct. 508 (1990); Naekel v. Department of Transp., 845 F.2d 976, 981 (Fed.Cir.1988); Merrell v. Block, 809 F.2d 639, 642 (9th Cir.1987); Crooker v. Environmental Protection Agency, 763 F.2d 16, 17 (1st Cir.1985) (per curiam). In addition, Sheffield is not entitled to costs because the government's position was substantially justified as it had a reasonable basis in fact and in law to suspend his social security benefits. See Kreimes v. Department of Treasury, 764 F.2d 1186, 1190 (6th Cir.1985). Under these circumstances, the district court also did not abuse its discretion in denying Sheffield additional time to file a reply to the Secretary's response to his motion for fees and costs.
 
 
 7
 Accordingly, we grant Sheffield's request to proceed as a pauper and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.