IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-5115

_____


MAURY HEXAMER,

                                        Plaintiff-Appellant,

                        versus

PATRICK FORENESS, ET AL.,

                                        Defendants-Appellees.

                ----------------------------

        Appeal from the United States District Court for the
                    Eastern District of Texas
                ----------------------------
                        (July 27, 1993)

Before WISDOM, JOLLY, and DeMOSS, Circuit Judges.

BY THE COURT:


    Following our ruling in her favor, Maury Hexamer filed a motion for attorney's fees pursuant to the Equal Justice Act, 28 U.S.C. § 2412.[1]  We denied her motion in an unpublished order. Hexamer now asks us to reconsider.

    Under the Equal Access to Justice Act, a party that prevails against the United States is generally entitled to attorney's fees unless the United States' position was "substantially justified" or "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Although Hexamer is a prevailing party, she is not

_____

    [1]For our original decision, see Hexamer v Foreness, 981 F2d 821 (5th Cir. 1993).

entitled to attorney's fees for three reasons.  First, Hexamer represented herself pro se and attorney's fees simply are not available to pro se litigants under the Equal Access to Justice Act.  See Demarest v. Manspeaker, 948 F.2d 655 (10th Cir. 1991); Sommer v. Sullivan, 898 F.2d 895 (2d Cir. 1990); Naekel v. Department of Transportation, 845 F.2d 976, 981 (Fed. Cir. 1988); Merrell v. Block, 809 F.2d 639 (9th Cir. 1987); Crooker v. EPA, 763 F.2d 16, 17 (1st Cir. 1985).

Second, Hexamer is not entitled to attorney's fees because the government's position was "substantially justified."  Although the government did not prevail in this action, that does not mean that its position was not "substantially justified."  The government's position is substantially justified if it has a "reasonable basis in law and fact."  Pierce v. Underwood, 487 U.S. 552, 553, 108 S.Ct. 2541, 2543 (1988).  The government made reasonable, supportable arguments and, at all times, acted in good faith.  We find that the government's position was clearly "substantially justified."

Finally, assuming that Hexamer was otherwise justified in claiming attorney fees, we would deny her request for fees because she did not adequately document the time she spent.  Although Hexamer did submit a handwritten list of dates she worked on the case and the amount of time she allegedly spent on those days, she did not attempt to explain how she spent this time.  We cannot approve an application for attorney's fees under the Equal Access

to Justice Act unless we have some idea of how the attorney justified his or her time.  Obviously, the documentation does not have to be perfect, but the documentation we have in this case is plainly insufficient.

Any one of the foregoing reasons requires us to reject Hexamer's claims.  Therefore, Hexamer's motion to reconsider our decision denying her attorney's fees under the Equal Access to Justice Act is

D E N I E D.