

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2006

# Daley v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Daley v. Fed Bur Prisons" (2006). *2006 Decisions.* Paper 554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-300                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1799
_____

JOHN R. DALEY, JR.,

Appellant

v.

FEDERAL BUREAU OF PRISONS;
WARDEN, FCI Schuylkill

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ No. 05-cv-01955)
District Judge:  Honorable Malcolm Muir

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2006

Before:  SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: August 25, 2006 )
_____

OPINION
_____

PER CURIAM

John R. Daley, Jr., previously a prisoner at the Federal Correctional Institution at

Schuylkill, appeals from the District Court's order denying his motion for attorney's fees

for representing himself in federal habeas proceedings concerning his date of transfer to a community confinement center. We will affirm the judgment of the District Court.[1]

Daley asserts that non-attorney prisoners who successfully represent themselves in legal proceedings, such as those pursuant to 28 U.S.C. § 2241, are entitled to attorney's fees. This Court is not aware of any authority for Daley's claim, nor, upon review, do the numerous federal statutes, constitutional amendments, rules of procedure, and cases which Daley cites lend support. Two of the statutes on which Daley bases his motion merit addressing here.

Daley relies primarily upon 18 U.S.C. § 3006A, the provision by which court-appointed attorneys are provided to federal defendants financially unable to obtain counsel.[2] But, by its own language, the statute cannot serve as the basis for recovery of fees by Daley. The relevant portion states, "[a]ny attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall . . . be compensated at a rate not exceeding $60 per hour . . . ." 18 U.S.C. § 3006A(d)(1). Daley is not an attorney, and obviously, was not appointed to represent himself. Cf. United States v. McElhiney, 369 F.3d 1168, 1170 (10th Cir. 2004) (denying reimbursement of costs under § 3006A for

---

[1]We have jurisdiction under 28 U.S.C. § 1291.

[2]The provision also provides for representation of individuals seeking relief under section 2241, 2254, or 2255 of Title 28, "[w]henever the United States Magistrate Judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

defendant's self-representation); Green v. United States, 323 F.3d 1100, 1104 (8th Cir. 2003) (same).

The other potentially relevant statute that Daley cites (without argument) in his motion is the Equal Access to Justice Act (EAJA), which provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(b). However, the weight of the authority indicates that, because Daley (1) pursued habeas relief, and (2) represented himself, the Act does not apply to him. Three of our sister circuits have concluded that filing a § 2241 petition is not a "civil action" for purposes of EAJA. See O'Brien v. Moore, 395 F.3d 499, 507-08 (4th Cir. 2005); Ewing v. Rodgers, 826 F.2d 967, 969-71 (10th Cir. 1987); Boudin v. Thomas, 732 F.2d 1107, 1112-15 (2d Cir. 1984). In addition, notwithstanding possible exceptions which do not apply here, a *pro se* litigant is not eligible to recover attorney's fees under the EAJA. See Hexamer v. Foreness, 997 F.2d 93, 94 (5th Cir. 1993); Demarest v. Manspeaker, 948 F.2d 655, 655-56 (10th Cir. 1991); Sommer v. Sullivan, 898 F.2d 895, 895-96 (2d Cir. 1990) (per curiam), cert. denied, 498 U.S. 980 (1990); Merrell v. Block, 809 F.2d 639, 642 (9th Cir. 1987); Crooker v. EPA, 763 F.2d 16, 17 (1st Cir. 1985) (per curiam).

Even if the Act did apply, Daley would not be entitled to attorney's fees under the EAJA if the United States' position was "substantially justified." There is no evidence that the government's position in Daley's § 2241 proceeding was anything other than reasonably based in both law and fact. Cf. Pierce v. Underwood, 487 U.S. 552, 565

3

(1988). The District Court makes clear in its Order that the sole reason that Daley is the prevailing party is that this Court handed down a decision (of which the government notified the District Court) invalidating the regulations that were the subject of Daley's challenge shortly after the Magistrate Judge issued a recommendation to deny Daley's petition.

Finally, we are aware of no other law or authority that supports Daley's claim. The general requirement of attorney representation in order to collect attorney's fees is well established. In the constitutional torts context, courts have uniformly disallowed *pro se* recovery under the applicable fee-shifting statute. See Kay v. Ehrler, 499 U.S. 432, 435 (1991) (noting that "[t]he Circuits are in agreement, however, on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees) (emphasis in original); Pitts v. Vaughn, 679 F.2d 311, 313 (3d Cir. 1982) (non-lawyer *pro se* litigant not entitled to fees because purpose of 42 U.S.C. § 1988 is to enable litigants to obtain professional legal representation, not to provide an additional reward to *pro se* litigants). We have concluded that the same is true under the fee recovery portion of the Freedom of Information Act. See Cunningham v. FBI, 664 F.2d 383, 386-87 (3d Cir. 1981) (explaining that phrase "attorney fees" in FOIA statute should not be extended "beyond its natural domain").

Because the existing caselaw counsels against allowing *pro se* prisoners to collect attorney's fees, and because Daley cites no authority to support his claim, his motion is

without merit.  Accordingly, we will affirm the judgment of the District Court denying the motion.