# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-11022
Summary Calendar

Lyle W. Cayce
Clerk

MARY TYLER,

Plaintiff - Appellee

v.

CEDAR HILL INDEPENDENT SCHOOL DISTRICT; MICHAEL
MCKINNEY; RICHARD COLLIER,

Defendants - Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-2469

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendants, Cedar Hill Independent School District ("CISD"), Michael
McKinney, and Richard Collier, are prevailing parties in a *pro se* Title VII and
§ 1983 lawsuit brought by Mary Tyler, a former CISD employee. After Tyler's
claims were dismissed at summary judgment, Defendants sought attorney's fees
on the basis that Tyler's lawsuit was "frivolous, unreasonable, or without
foundation." *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-11022

(allowing a prevailing defendant to recover attorney's fees in a Title VII lawsuit if the suit is frivolous, unreasonable, or without foundation).  As proof of their fees, Defendants submitted an attorney's affidavit requesting the lump sum of $25,388.00 in fees and stating that the amount of time expended on all matters in defending Tyler's suit was "reasonable and necessary in every instance."  The magistrate judge agreed that Tyler's claims were frivolous, but denied Defendants' request for attorneys' fees because there was no evidence submitted from which the magistrate judge could "begin to assess the reasonableness of attorney's fees."

On appeal, Defendants challenge the magistrate judge's denial of attorney's fees on the basis that Tyler did not contest the amount of attorney's fees they requested.  This is not a basis for reversal.  It is black-letter law that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The documentation submitted by the fee applicant "must be sufficient for the court to verify that the applicant has met its burden."  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (per curiam); *see also Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) ("[T]he burden of proof of reasonableness of the number of hours is on the fee applicant . . . and not on the opposing party to prove their unreasonableness." (citation omitted)).  "Failing to provide contemporaneous billing statements does not preclude an award of fees per se, *as long as* the evidence produced is adequate to determine reasonable hours."  *Kellstrom*, 50 F.3d at 325 (emphasis added).

The magistrate judge correctly concluded that the documentation supporting Defendants' request for attorney's fees was inadequate to determine whether Defendants' request for attorney's fees was reasonable:  Defendants

provided no description of the hours expended on the matter, the rates charged for work, the work performed, or who performed the work. "Without such basic information, no . . . determinations regarding 'the reasonable number of hours spend on the litigation and a reasonable hourly rate' can be made." *Id.* at n.9 (quoting *Hensley*, 461 U.S. at 433). Although this court has, in the past, concluded that "sparse" documentation (such as that describing the hours expended and the rates charged) will suffice to allow the court to review a request for attorney's fees, it has nonetheless required *some* documentation to support that review. *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822–23 (5th Cir. 1997); *cf. Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993) (per curiam) (denying a prevailing, *pro se* plaintiff's request for attorney's fees under the Equal Access to Justice Act because plaintiff "did not adequately document the time she spent [on her claim]"). The documentation provided by Defendants in this case falls well short of "sparse," and, thus, the magistrate judge correctly denied Defendants' motion for attorney's fees.

Defendants also argue that, instead of denying their motion for attorney's fees, the magistrate judge should have given Defendants the opportunity to submit additional evidence of their fees. This court has repeatedly warned applicants that they " 'take their chances' that the . . . court will reject or reduce fee awards if they submit vague or incomplete applications." *Id.* at 822 (quoting *Kellstrom*, 50 F.3d at 326–27). The decision to allow Defendants to amend their request for attorney's fees to provide more specific information rested within the sound discretion of the magistrate judge. *See Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 252 (5th Cir. 2002). The magistrate judge chose not to exercise that discretion to permit the submission of additional evidence, and we see no reason to disturb that decision.

No. 10-11022

Therefore, the judgment of the district court denying Defendants' request for attorney's fees is AFFIRMED.