**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barry Jay FELDMAN,
Defendant-Appellant.**

No. 84–5142.

United States Court of Appeals,
Ninth Circuit.

April 28, 1986.

**626**

Ronald J. Nessim, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Barry Jay Feldman, in pro. per.

Before FLETCHER, PREGERSON, and CANBY, Circuit Judges.

A jury convicted Feldman of bank robbery and we affirmed the conviction. *See* 788 F.2d 544. After his appeal had been argued and submitted, Feldman filed a motion claiming $85.10 in costs incurred in his appeal. Throughout the litigation of his case, in both the district court and before us, Feldman appeared *pro se*. A Federal Public Defender acted as advisory counsel, but her participation was apparently strictly limited to advice. Feldman prepared all his papers and appeared in his defense at all stages of this prosecution.

■ We have been unable to find any guidance in any prior case as to whether a *pro se* criminal defendant is entitled to costs beyond the standard *in forma pauperis* waiver of filing fees. Normally, when confronted with a novel question of law such as this, we would call for supplementary briefing from the adverse party— in this case the government. However, the Criminal Justice Act excludes the government from participation in the Act's compensation and reimbursement arrangements. *See In re Baker*, 693 F.2d 925, 927 & n. 3 (9th Cir.1982). Thus, we decide Feldman's costs application on his papers alone.

■ Feldman's claim is for the costs of xeroxing and postage. Had a court-appointed attorney represented Feldman, the attorney could have claimed reimbursement. A district court, at its discretion, may award to an appointed attorney such costs as those claimed here by Feldman if incurred as part of the trial. *See* 18 U.S.C. § 3006A(d)(1); *In re Baker*, 693 F.2d at 926; *United States v. Owens*, 256 F.Supp.

861, 864 & n. 1 (W.D.Pa.1966) (travel, telephone calls, postage and other office expenses reimbursable under CJA). An appointed attorney's duty to represent his or her client continues automatically through appeal. *See* 18 U.S.C. § 3006A(c); *United States v. Dangdee*, 608 F.2d 807, 809–10 (9th Cir.1979). Thus, appointed counsel would normally be reimbursed for expenses similar to those incurred here by *Feldman. See*, 18 U.S.C. § 3006A(d)(4).

Alternatively, rather than seek a court-appointed attorney, an indigent defendant such as Feldman might request the Federal Public Defender to assume representational responsibility. In such cases, the Federal Public Defendant's congressionally-approved budget presumably covers all expenses incurred through appeal.

■ Thus, we think it clear that the intent of the Criminal Justice Act is that the reasonably incurred expenses of an indigent defendant on appeal should normally be reimbursed. To deny this same right of reimbursement to *pro se* defendants would contradict the spirit of the Act. Moreover, to bar a *pro se* defendant from recovering costs would be tantamount to placing an impediment on a defendant's right to proceed *pro se*.

■ As we have noted, the legal authority to award costs to a *pro se* litigant under the Criminal Justice Act is unclear, although public policy and common-sense statutory interpretation strongly imply the necessary legal authority. Feldman was not the prevailing party in his appeal, as we require for an award of costs in a civil case. *See, e.g., Carter v. Veterans Administration*, 780 F.2d 1479, 1482 (9th Cir. 1986). However, "[a]n order ... under the CJA is utterly different from the type of award ... that is entered in favor of a prevailing party and against the losing party in certain kinds of civil litigation. Those awards are rendered in an adversary context and are at least an ancillary subject of the principal litigation itself.... Payment ... under the CJA, on the other hand, does not depend on the outcome of the litigation." *In re Baker*, 693 F.2d at 927 (citations omitted). Thus, Feldman's claim

would seem to satisfy appropriate requirements for the award of costs under the Criminal Justice Act.

Feldman's application for reasonable costs is GRANTED. The government shall pay Feldman up to $85.10 upon his production of adequate proof of his claimed expenses.