# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1864

_____

| | |
|---|---|
| Mack Al Green, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| United States of America, | * |
| | * |
| Appellee. | * |

Appeals from the United States
District Court for the District
of Minnesota.

_____

No. 02-3423

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Mack Al Green, | * |
| | * |
| Appellant. | * |

_____

Submitted:  February 10, 2003

Filed:  March 28, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Mack Green appeals from the district court's[1] denial of his motion filed under 28 U.S.C. § 2255 and from the denial in part of his claim for reimbursement of costs pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(d)(5). We affirm.

I.

Mr. Green first contends that the district court erred by not finding that his sixth amendment right to the effective assistance of counsel was violated when his trial counsel failed to file an appeal despite Mr. Green's express request that his counsel do so. *See Barger v. United States*, 204 F.3d 1180, 1181-82 (8th Cir. 2000). "The ineffective assistance claim is reviewed *de novo*, while the district court's factual findings are reviewed for clear error. " *Id.* at 1181.

In 1997, Mr. Green was charged with four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), one count of retaliation against a federal witness in violation of 18 U.S.C. § 1513(b)(2), and unrelated crimes under state law. Earl Gray represented Mr. Green on the federal charges, and Richard Virnig represented him on the state charges. Mr. Green pleaded guilty to one of the federal drug charges, and received a 70-month sentence. He never filed a direct appeal.

At an evidentiary hearing before the district court, Mr. Green testified that he asked Mr. Virnig to instruct Mr. Gray to file an appeal for him on the federal charges. He also testified that he asked Mr. Virnig directly to file an appeal for him on the

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

-2-

federal charges and that he tried to contact Mr. Gray but was unable to reach him. Both of his lawyers testified, however, that Mr. Green never asked them to file a federal appeal on his behalf. Mr. Virnig did acknowledge that Mr. Green inquired about a federal appeal, but he testified that he told Mr. Green to discuss the matter with Mr. Gray instead because he (Mr. Virnig) was representing Mr. Green only on the state charges. Mr. Virnig also denied that he agreed to instruct Mr. Gray to file an appeal on Mr. Green's behalf.

The district court, noting that Mr. Green offered no corroborating evidence of his instruction to file an appeal, found that Mr. Green's testimony was not credible and that Mr. Green had never requested that either of the attorneys file an appeal. The court therefore denied Mr. Green's claim. On appeal, Mr. Green merely argues that the more reasonable interpretation of the evidence is that he did in fact request an appeal.

We discern no clear error in the district court's determination that Mr. Green was not credible and did not request an appeal. Upon review, "[w]e accord deference to the district court's credibility determinations." *Barger*, 204 F.3d at 1181. "A bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief [under § 2255], if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* at 1182. We thus affirm the district court's denial of Mr. Green's claim that he received ineffective assistance of counsel because of his attorney's failure to file a requested appeal.

## II.

Mr. Green also argues that he received ineffective assistance of counsel because Mr. Gray did not properly consult with him after sentencing to determine whether he wanted to appeal. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either ... that a rational defendant would want to appeal (for example, because there are

-3-

nonfriviolous grounds for appeal), or ... that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

Mr. Green, however, did not raise this issue in the district court. His § 2255 motion, as relevant here, claimed only that his attorney failed to file a requested appeal, and the evidence produced at his hearing was relevant only to that issue. Nor did he attempt to amend the motion to include a claim that his attorney failed to consult adequately with him.

It is true that a memorandum that counsel filed after the evidentiary hearing adverted to the portion of *Roe* that discussed this kind of claim. But the memorandum never claimed that Mr. Gray's consultation with Mr. Green was inadequate; it merely rehearsed what Mr. Green believed to be non-frivolous grounds for appeal. We conclude that the claim that Mr. Green seeks to press here was not fairly raised below.

We will not consider a claim raised for the first time on appeal absent "plain error resulting in a miscarriage of justice." *See Fritz v. United States*, 995 F.2d 136, 137 (8th Cir. 1993), *cert. denied*, 510 U.S. 1075 (1994). From our review of the record, we do not believe that there was a miscarriage of justice here. In *Roe*, the Supreme Court conjectured:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it

-4-

would be difficult to say that counsel is 'professionally unreasonable' as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Roe*, 528 U.S. at 479 (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)).

The facts of the instant case are very similar to the *Roe* hypothetical: According to the terms of the plea agreement, the projected sentencing guidelines range was 70-87 months. Mr. Gray testified that he told Mr. Green the morning of his sentencing that if Mr. Green "got anything in [the] area" of the "low end" of the projected sentencing guidelines range, it would be "ridiculous to appeal." Mr. Gray also testified that he told Mr. Green that he could appeal if Mr. Green desired but that he did not believe that Mr. Green had any meritorious claims.

Mr. Green argues that counsel should have known that he desired to appeal because he presented a letter to Mr. Gray immediately prior to sentencing expressing his displeasure with his representation and because he cried when the district court announced his sentence. Neither of these facts, however, suffices to demonstrate the required interest in appealing in the particular circumstances of this case. We note, for instance, that upon receipt of the letter, Mr. Gray requested a recess in which he explained to Mr. Green that the concerns expressed in the letter were meritless, and Mr. Green agreed to proceed with sentencing. We thus doubt that any constitutional violation exists, much less one plain enough to require relief.

## III.

Mr. Green next maintains that the district court erred by reimbursing him for only part of the costs that he incurred in representing himself in an evidentiary hearing. We review a district court's award of costs for an abuse of discretion. *See Lee-Thomas, Inc. v. Hallmark Cards, Inc.*, 275 F.3d 702, 708 (8th Cir. 2002).

As part of these proceedings, Mr. Green has received two evidentiary hearings before the district court: the first at which he represented himself, the second after we remanded his case because he had not been appointed counsel to represent him at the first hearing. In an earlier ruling, the district court had held that the Criminal Justice Act entitled Mr. Green to an award of the costs that were directly related to representing himself at the first evidentiary hearing; Mr. Green then filed an affidavit stating that he incurred $726 in costs preparing for this evidentiary hearing. After noting that Mr. Green filed only one motion after the court granted his request for an evidentiary hearing and that Mr. Green did not present any exhibits at the evidentiary hearing, the district court awarded him $100 in costs, finding that the majority of his costs were related to aspects of the habeas proceedings other than the evidentiary hearing.

The Criminal Justice Act, 18 U.S.C. § 3006A, provides for the appointment of counsel and the assistance of other individuals, such as expert witnesses, for indigent defendants. A section of that act states that the court shall fix the "compensation and reimbursement to be paid to the attorney or to the bar association or legal aid agency or community defender organization which provided the appointed attorney." 18 U.S.C. § 3006A(d)(5). As is clear from its language, this section provides for reimbursement of costs incurred by court-appointed attorneys. Mr. Green is therefore not entitled to any reimbursement under this provision. *Cf. United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989), *cert. denied*, 492 U.S. 908 (1989).

We recognize that the Ninth Circuit has awarded *pro se* defendants costs under § 3006A(d)(5) on the ground that the "spirit of the Act" requires it. *See United States v. Feldman*, 788 F.2d 625, 626 (9th Cir. 1996). We respectfully decline to adopt this logic. In our view, the purpose of the reimbursement provision is to prevent the uncompensated servitude of attorneys appointed to aid in the representation of indigent persons. *Cf. Williamson v. Vardeman*, 674 F.2d 1211, 1215-16 (8th Cir. 1982); *United States v. Estremera*, 531 F.2d 1103, 1113 (2d Cir. 1976), *cert. denied*,

425 U.S. 979 (1976). Individuals who represent themselves and are advancing their own interests are on a different footing altogether.

Since Mr. Green received $100 more than he was entitled to, we can hardly conclude that the district court abused its discretion in denying the rest of his claim. We therefore affirm the district court's denial in part of Mr. Green's claim for reimbursement.

## IV.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-