**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL McELHINEY,

Defendant-Appellant.

No. 03-3023

(D.C. No. 98-CR-40083-01-RDR)

(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

**I.    BACKGROUND**

Defendant Michael P. McElhiney was convicted of conspiracy to distribute
and possess heroin with intent to distribute, in violation of 21 U.S.C. §§ 846 and
841(b)(1)(C), and aiding and abetting the distribution of heroin, in violation of 21
U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.  The convictions stemmed

---

*After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

from Defendant's alleged participation in a drug smuggling operation while an inmate at the United States Penitentiary in Leavenworth, Kansas.

Prior to the trial which resulted in the two convictions at issue on this appeal, Defendant was tried on two separate occasions for his alleged involvement in the drug smuggling operation. He was initially charged only with conspiracy to distribute heroin and to possess heroin with the intent to distribute. After the first trial resulted in a hung jury, Defendant was convicted at a second trial in September and October of 1999. This court then reversed and remanded for a new trial due to an impermissibly coercive *Allen* charge. *United States v. McElhiney*, 275 F.3d 928 (10th Cir. 2001). On March 27, 2002, a superseding indictment was issued. The indictment again charged Defendant with conspiracy, but also included a charge of aiding and abetting in the distribution of heroin. After being convicted at the third trial, Defendant filed this appeal, raising four issues, which we discuss in turn.

## II. DISCUSSION

### A. Admission of Sahakian's Prior Testimony

Defendant challenges the district court's decision to admit a transcript of David Sahakian's testimony from Defendant's second trial. After testifying at Defendant's second trial, Sahakian was indicted on charges arising from the same alleged drug smuggling operation, and he consequently invoked his Fifth

Amendment right not to testify at the third trial. Defendant argues that the prior testimony was improperly admitted because (1) the requirements of Federal Rule of Evidence 804(b)(1) were not satisfied; (2) the admission of the testimony violated his Sixth Amendment right of confrontation; and (3) the government engaged in misconduct in charging Sahakian in order to ensure that he would invoke his Fifth Amendment privilege in the third trial.

We review the district court's admission of the testimony under Rule 804(b)(1) for abuse of discretion. *O'Banion v. Owens-Corning Fiberglas Corp.*, 968 F.2d 1011, 1014 (10th Cir. 1992). The district court's legal conclusions regarding the rules of evidence and the confrontation clause, however, are reviewed de novo. *United States v. Price*, 265 F.3d 1097, 1102-03 (10th Cir. 2001).

Federal Rule of Evidence 804(b)(1) excludes from the general rule barring admission of hearsay, "[t]estimony given as a witness at another hearing of the same or a different proceeding . . . if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination," as long as that witness is unavailable to testify.

There is no dispute that Sahakian's invocation of his constitutional privilege rendered him unavailable. But Defendant contends that "[h]e did not

have the same opportunity or motive to develop the testimony of the witness as it related to Count II of the superseding indictment against him," because of the addition of the second charge (aiding and abetting) between the time of the second and third trials. Aplt. Br. 10.

We disagree. Rule 804(b)(1) does not require that the prior testimony be given in the context of identical charges. *See, e.g., United States v. Salerno*, 505 U.S. 317, 326 (1992) (Blackmun, J., concurring) ("'similar motive' does not mean 'identical motive'"); *Murray v. Toyota Motor Distributors, Inc.*, 664 F.2d 1377, 1379 (9th Cir. 1982) (for former testimony to be admissible under Rule 804(b)(1), "[t]he motive need only be 'similar,' not identical"). Defendant had every incentive, and opportunity, to dispute Sahakian's testimony at the second trial. He has not pointed to any statement by Sahakian that he would have wanted to challenge at the third trial but had no interest in challenging at the second trial.

Defendant does not suggest that the Confrontation Clause requires more than Rule 804(b)(1), so we likewise reject his Confrontation Clause claim.

Finally, we reject Defendant's suggestion that the government committed misconduct by charging Sahakian with a crime following his testimony at the second trial in order to procure his unavailability at the third trial and thereby "obtain evidentiary value" from his silence. Aplt. Br. at 12. As the government

notes, this argument is refuted by the fact that Sahakian was charged long before

Defendant's conviction was reversed in December 2001.

**B.      Admission of Portions of Defendant's Prior Closing Argument**

Defendant next argues that the district court erred in admitting statements

he made while representing himself at the second trial.  During closing argument

he discussed notes ("kites") sent to request heroin.  The following statements

made during that argument were introduced at the third trial:  "The biggest

conspiracy in any of those kites shown is I'm trying to help David get a shot of

dope.  I don't use heroin.  He's my friend, he does, I will help him. . . .  Slim did

not bring me no heroin, not once.  Those kites are simply saying Dave wanted a

shot of dope and I helped him get it."  Trial Tr. at 713-14.  Defendant asserts that

these statements were improperly considered to be admissions by a party.  *See*

Fed. R. of Evid. 801(d)(2)(A).  In addition, he contends that the district court

should have addressed whether Federal Rules of Evidence 403 and 404(b) barred

their admission, even though he did not object on the basis of either rule at trial.

We review the district court's decision to admit Defendant's statements

under Rule 801(d)(2)(A) for abuse of discretion.  *See United States v. Mitchell*,

113 F.3d 1528, 1531 (10th Cir. 1997).  Because Defendant did not object based

on Rules 403 or 404(b) at trial, we will reverse on the basis of those rules only if

the admission of the statements amounted to plain error. *See United States v. Martinez*, 76 F.3d 1145, 1150 (10th Cir. 1996).

Under Rule 801(d)(2)(A) a party's own statement, when offered against him, is not hearsay. Defendant asserts that the statements he made during the prior closing argument do not constitute admissions under Rule 801(d)(2)(A), because the purpose of closing argument is to persuade, not to express fact. The district court rejected this argument, concluding that the statements were admissible admissions because they "represent an inculpatory interpretation of the kites from a person in the position to know what they meant." Dist. Ct. Order (Dec. 11, 2002) at 2. We agree. It is immaterial whether Defendant was attempting to persuade the jury or to provide the jury with factual information.

As for Rule 404(b), it provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). But Defendant's statements relate directly to the crimes at issue in this case, whereas "'[o]ther bad acts' means acts that are not part of the events giving rise to the present charges." *United States v. Gorman*, 312 F.3d 1159, 1162 (10th Cir. 2002). The district court did not commit plain error in failing to consider Rule 404(b) or in not excluding the statements under Rule 404(b).

Likewise, Rule 403, which excludes irrelevant or marginally relevant evidence, does not help Defendant. Although Defendant's argument appears primarily to be that the district court improperly failed to consider the rule, he does not explain why the rule demonstrates that the statements were improperly admitted. Nor do we see any error, much less plain error.

Thus, we hold that the district court properly admitted the statements made by Defendant during closing argument at the second trial.

## C.    Prosecutorial Vindictiveness

Defendant's third argument is that the aiding-and-abetting charge was added (following the reversal of his conviction in the second trial) in retaliation for his exercise of his right to appeal and in retaliation for his pursuit of a civil action against the United States.

We review the district court's factual findings relating to this argument for clear error. *United States v. Raymer*, 941 F.2d 1031, 1039 (10th Cir. 1991). But "our review of the legal principles which guide the district court is *de novo.*" *Id.*

To prevail on a claim of prosecutorial vindictiveness, a defendant "must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *Id.* at 1040. Upon such a showing, "the burden shifts to the prosecution to justify its decision with legitimate, articulable, objective reasons." *Id.* "There is no

vindictiveness as long as the prosecutor's decision is based upon the normal factors ordinarily considered in determining what course to pursue, rather than upon genuine animus against the defendant for an improper reason or in retaliation for exercise of legal or constitutional rights. In the absence of procedural unfairness to the defendant, the government may increase charges or make them more precise based upon new information or further evaluation of the case." *Id.* at 1042 (internal quotation marks and citations omitted).

Defendant did not raise in the district court his primary argument on appeal—that the aiding-and-abetting charge was added in retaliation for the exercise of his right to appeal. We therefore decline to address the argument. *See Smith v. Rogers Galvanizing*, 128 F.3d 1380, 1385-86 (10th Cir. 1997).

As for Defendant's contention that he was tried for a third time (with the addition of a second charge) in retaliation for his pursuit of a civil action, the district court observed that Defendant had been charged with conspiracy prior to the filing of his civil suit. The court also mentioned that there was "no proof that the person who made the decision to try this case a third time . . . had any knowledge of the civil lawsuit." Dist. Ct. Order (Aug. 2, 2002) at 13. Ultimately, the court held that Defendant had not demonstrated either actual vindictiveness or a reasonable likelihood of vindictiveness, instead finding that the prosecutor considered "factors which may legitimately be considered while making a

decision to prosecute a case." *Id.* at 14. Chief among these factors, in our view, is that the superseding indictment was issued after Defendant's admission during closing argument at his second trial that he had helped a friend obtain heroin. We accordingly reject Defendant's argument that "the decision to bring an additional charge against him after his successful appeal was not based on any new evidence or change in circumstances." Aplt. Br. at 18. We affirm the district court's denial of the motion to dismiss on the basis of prosecutorial vindictiveness.

**D.       Denial of the Motion for New Trial**

Defendant moved for a new trial on the grounds that there was insufficient evidence to support the conspiracy conviction and that there was juror misconduct. The district court properly denied the motion.

We review the district court's denial of the motion for new trial for abuse of discretion. *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1283 (10th Cir. 2003). Sufficiency of the evidence, however, is a question of law, which we review de novo. *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997). "Evidence is sufficient to support a conviction if the evidence and reasonable inferences drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *Id.*

Defendant founds his insufficiency argument on the assertion that inmate Alan Hawley could not have been a member of the conspiracy because his participation was coerced. But even assuming the legitimacy of this contention, Defendant was alleged to have participated in a conspiracy not only with Hawley, but also with Sahakian and other persons. Regardless of whether Hawley was a voluntary participant, there was adequate evidence that Defendant participated in a conspiracy with Sahakian.

To support his claim of juror misconduct, Defendant points to the allegation that jurors engaged in premature deliberations. While the government was still presenting its case in chief, a defense witness (Dr. Lott) reportedly overheard a conversation among three jurors in which they indicated that they thought Defendant was guilty of dealing in illegal drugs. Specifically, Dr. Lott claimed to have overheard one of the jurors state "he's guilty of drug dealing." Mot. for New Trial Hr'g Tr. at 8.

The district court held an evidentiary hearing at which Dr. Lott testified, but, complying with Federal Rule of Evidence 606(b), refused to interview the jurors concerning the matter. Following the hearing the court denied the motion for three reasons. First, the court concluded that "the evidence [did] not establish that the juror was speaking about [D]efendant or about the specific charges against [D]efendant." Dist. Ct. Order (Dec. 12, 2002) at 2. Second, the court

held that "there [was] no evidence that the jury's deliberations were affected by any premature deliberations or conclusions concerning the charges." *Id.* at 2-3. Finally, the court concluded that Defendant had not "establish[ed] that the jury acted unfairly or that the deliberative process was unfair even if it may have been imperfect." *Id.* at 3. The court noted that *Anderson v. Calderon*, 232 F.3d 1053, 1098-99 (9th Cir. 2000), and *Szuchon v. Lehman*, 273 F.3d 299, 313-14 (3d Cir. 2001), had not required a new trial, despite evidence of premature deliberations. Dist. Ct. Order (Dec. 12, 2002) at 3. The court did not abuse its discretion.

## III. CONCLUSION

Having rejected all of Defendant's arguments, we AFFIRM.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge