**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 04-3032

MICHAEL McELHINEY,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 98-CR-40083-RDR)**

Submitted on the Briefs.[*]

Michael McElhiney, defendant-appellant, pro se.

Eric F. Melgren, United States Attorney, and T.G. Luedke, Assistant United States Attorney, Topeka, Kansas, for the plaintiff-appellee.

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ,** Circuit Judges.

**BRISCOE**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Michael McElhiney, appearing pro se, appeals the denial of his application for reimbursement of costs pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(d)(1). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In 1998, a federal grand jury indicted defendant for conspiracy to distribute and possess heroin with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). McElhiney represented himself in three jury trials with standby counsel. The first trial resulted in a hung jury. The second trial resulted in a conviction but, on appeal, this court reversed due to an improper <u>Allen</u> charge. <u>See</u> <u>United States v. McElhiney</u>, 275 F.3d 928 (10th Cir. 2001). The third trial again resulted in a conviction and that conviction was affirmed by this court on appeal. <u>See</u> <u>United States v. McElhiney</u>, 85 Fed. Appx. 112 (10th Cir. 2003).

Following the third trial, defendant filed a CJA authorization and voucher form with the district court seeking reimbursement pursuant to § 3006A(d)(1) for postage and copy expenses in the amount of $312.75 in connection with the third trial. The district court denied the request on the grounds that the plain language of § 3006A(d)(1) limited reimbursement to expenses reasonably incurred by attorneys and did not encompass expenses incurred by criminal defendants who represented themselves at trial.

Generally speaking, we review a district court's denial of a request for reimbursement or services under the CJA for abuse of discretion. <u>See</u>, <u>e.g.</u>, <u>United States v. Kennedy</u>, 64 F.3d 1465, 1470 (10th Cir. 1995). Here, however, the district court's

2

denial hinged on its interpretation of § 3006A(d)(1). Therefore, we review the district court's ruling de novo. See United States v. Osoba, 213 F.3d 913, 915 (6th Cir. 2000) (noting legal errors regarding application of § 3006A are reviewed de novo); cf. Sloan v. Pugh, 351 F.3d 1319, 1321 (10th Cir. 2003) (reviewing de novo habeas petitioner's claim that habeas action qualified as either a "civil action" under the Equal Access to Justice Act or, alternatively, a "criminal case" under the Hyde Amendment).

Section 3006A(d)(1) provides in part that "[a]ttorneys may be reimbursed for expenses reasonably incurred." The plain language of this provision clearly limits reimbursement to expenses incurred by court-appointed attorneys and cannot reasonably be read to allow reimbursement to pro se criminal defendants. Further, we agree with the Eighth Circuit that "the purpose of th[is] reimbursement provision is to prevent the uncompensated servitude of attorneys appointed to aid in the representation of indigent persons." Green v. United States, 323 F.3d 1100, 1104 (8th Cir. 2003). In reaching this conclusion, we acknowledge the decision in United States v. Feldman, 788 F.2d 625, 626 (9th Cir. 1986), where the court held that pro se criminal defendants were entitled to reimbursement for expenses under § 3006A(d)(1) because to conclude otherwise "would contradict the spirit of the" CJA and "would be tantamount to placing an impediment on a defendant's right to proceed pro se." Like the Eighth Circuit, however, we conclude this position is inconsistent with the plain language of § 3006A(d)(1) and reject it. See Green, 323 F.3d at 1104-05.

Defendant makes one additional argument in support of his appeal. According to defendant, he filed a similar application for reimbursement of costs pursuant to the CJA following completion of his second trial and the district court granted that application, citing Feldman. Defendant asserts it was fundamentally unfair for the district court to reverse its position on the issue and deny his most recent application for reimbursement of costs. We disagree.

Even assuming the district court's decision to grant defendant's prior application constituted the law of the case, we conclude the district court was free to reexamine its decision, particularly in light of the decision in Green, which was issued after the district court granted defendant's prior application. See generally United States v. Monsisvais, 946 F.2d 114, 117 (10th Cir. 1991) (discussing the law of the case doctrine and exceptions thereto). Moreover, as an appellate court applying a de novo standard of review, we are in no way bound by the district court's prior interpretation of § 3006A(d)(1). See United States v. Wood, 6 F.3d 692, 697 (10th Cir. 1993) (Tacha, J., dissenting) ("Th[e] [de novo] standard means that we are not bound by the district court's interpretation of the . . . statute.").

AFFIRMED. Defendant's request to untimely file a reply brief is GRANTED.