# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1276

———————

United States of America,          *
            *
         Appellee,         *
            *   Appeal from the United States
      v.                *   District Court for the
            *   Southern District of Iowa.
Robert Leroy Willson, Sr.,      *
            *   [UNPUBLISHED]
         Appellant.       *

———————

Submitted: December 7, 2004
Filed: December 9, 2004

———————

Before MURPHY, FAGG, and SMITH, Circuit Judges.

———————

PER CURIAM.

Robert Leroy Willson, Sr. pleaded guilty to conspiring to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846, and the district court[1] sentenced him, in accordance with the plea agreement, to 180 months imprisonment and 5 years supervised release. Willson did not appeal, but filed a 28 U.S.C. § 2255 motion, which the district court denied after an evidentiary hearing. Willson appeals, having been granted a certificate of appealability on the issue of ineffective assistance of counsel, and we affirm.

———————

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

We review the district court's factual findings for clear error, and the ineffective-assistance finding de novo. See Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). To establish his counsel was ineffective, Willson needed to demonstrate that his attorney's performance was deficient and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, Willson needed to show there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Willson also needed to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).

Having reviewed the record, we find Willson's claims of deficient performance by his plea and post-plea attorneys were refuted by the attorneys' hearing testimony, which the district court credited, and we find no clear error in the district court's factual findings. Willson did not show that his plea was involuntary or induced by his attorney's deficient performance, or that he instructed his attorney to file a direct appeal. See Green v. United States, 323 F.3d 1100, 1102-03 (8th Cir. 2003) (finding no clear error in district court's finding that movant was not credible and did not request appeal; district court's credibility determinations are accorded deference). Nor did Willson establish his counsel was remiss in advising him there were no grounds to withdraw the plea, to appeal, or to seek section 2255 relief. See Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994) (per curiam) (counsel not ineffective for failing to raise meritless challenge).

Finally, to the extent the issue is properly before us, Willson has not alleged or shown how he was prejudiced by his telephonic presence at the hearing on his motion to vacate, and "[a] court may entertain and determine such motion without requiring the production of the prisoner at the hearing." See 28 U.S.C. § 2255.

Accordingly, we affirm the judgment of the district court. Willson's motion to supplement the record is denied.

_____