

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2006

# Daley v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Daley v. Fed Bur Prisons" (2006). *2006 Decisions*. Paper 555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-301                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-1737
_____

JOHN R. DALEY, JR.

v.

FEDERAL BUREAU OF PRISONS


John T. Picquin-George a/k/a John R. Daley, Jr.,

Appellant
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. No. 05-215)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 10, 2006

Before:  SLOVITER, McKEE and FISHER, <u>CIRCUIT JUDGES</u>

(Filed: August 25, 2006)
_____

OPINION
_____

PER CURIAM

John T. Picquin-George a/k/a John R. Daley, Jr. appeals *pro se* from an order of the United States District Court for the District of Delaware denying his post-judgment motion for attorney's fees in his federal habeas corpus proceeding.

In March 2005, Daley filed a petition for a writ of habeas corpus in the United States District Court for the District of Delaware. His petition alleged that he had finished serving a Massachusetts state sentence and was awaiting transfer to a federal prison to serve a one-year federal sentence. He asked the District Court to expedite his transfer to a federal prison. The District Court concluded that it did not have jurisdiction to review his habeas application under either 28 U.S.C. § 2241 or § 2254 because he was not in custody in the state of Delaware, and did not challenge a sentence or conviction imposed by the state of Delaware or the United States District Court for the District of Delaware. Daley filed a motion for reconsideration, which the District Court denied. In its denial order, the District Court observed that Daley had since been transferred to federal custody.[1] We summarily affirmed the judgment of the District Court, concluding that Daley's petition did not assert any valid basis for review in the District of Delaware.

---

[1]According to the release date Daley submitted to the District Court, he has now been released from prison.

See Daley v. Fed. Bureau of Prisons, 157 Fed. Appx. 520, 522 (3d Cir. 2005) (petition did not implicate jurisdiction under 28 U.S.C. §§ 2241(a),(d) or § 2255) (per curiam).[2]

After his unsuccessful appeal, Daley filed a motion for attorney's fees with the District Court arguing that he was entitled to attorney's fees for representing himself pursuant to 18 U.S.C. § 3006 and § 3006A because he had ultimately received the relief he requested; i.e., transfer to a federal facility in Pennsylvania.[3] He also asserted that he should be awarded attorney's fees under the First, Fifth, and Fourteenth Amendments of the Constitution. The District Court denied Daley's motion in an order entered February 1, 2006, reasoning that *pro se* litigants were not generally eligible for attorney's fees. The District Court further concluded that Daley could not receive attorney's fees under the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997), *reprinted in* 18 U.S.C. § 3006A, because he was not a prevailing party in a criminal case, and the position of the United States had not been vexatious, frivolous, or in bad faith.

Daley filed a timely notice of appeal from the January 2006 order denying his motion for attorney's fees. On appeal, Daley argues that the District Court erred by (1) not deciding the constitutionality of denying a *pro se* prisoner attorney's fees; and (2) not stating whether his motion was denied with prejudice or without prejudice. He

___

[2]In that appeal, we did not decide the question whether Daley's petition was more properly construed as a § 2241, § 2255, or § 2254 petition.

[3]This was Daley's second motion for attorney's fees in the District Court. His first motion was denied in an order entered October 7, 2005. Daley filed a motion for reconsideration, which the District Court denied. Daley did not appeal.

3

again maintains that he should have been awarded attorney's fees under 18 U.S.C. § 3006(A) and the First, Fifth, and Fourteenth Amendments.

We have jurisdiction over Daley's post-judgment motion for attorney's fees pursuant to 28 U.S.C. § 1291. Because there is no substantial question on appeal, the District Court's order will be affirmed.

As a threshold matter, we conclude that no certificate of appealability ("COA") is required to entertain Daley's appeal because his underlying petition – although not a model of clarity – is most fairly read as a petition for habeas corpus relief under 28 U.S.C. § 2241.[4] See 28 U.S.C. § 2253(c)(1). Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (citing and quoting 28 U.S.C. §§ 2241(a) and (c)(3)). A § 2241 petition "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole . . . prison transfers, type of detention and prison conditions." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (quoted in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005)) (emphasis in original). Here, Daley's underlying habeas petition

---

[4]In United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006), we held that an order denying a Fed. R. App. P. 4(a)(6) motion in a § 2255 proceeding was a final order under § 2253, and that a COA was required to appeal that order. Because we conclude that Daley's habeas petition was a § 2241 petition, this rule is not implicated.

sought to challenge the execution of his federal sentence.[5] Essentially, Daley complained that, upon expiration of his state sentence, the U.S. Marshals had not transferred him quickly enough out of the state penitentiary in Massachusetts. Accordingly, we conclude that his petition is most properly construed as a request for relief under section 2241, and that no COA is required here. In any event, even if Daley's petition was more properly viewed as a § 2254 petition or a § 2255 motion, and we determined that a COA was required, we would not issue a COA for the reasons discussed below.

Turning to the merits of Daley's appeal, we hold that Daley's post-judgment motion for attorney's fees is without merit and was properly denied by the District Court. Section 3006A addresses the furnishing of representation for financially eligible individuals who are charged with certain crimes or who are seeking habeas relief, among other things. See 18 U.S.C. §§ 3006A(a)(1), (a)(2)(B). The statute also provides for payment for this representation. See 18 U.S.C. § 3006A(d). The plain language of the statute limits payment for representation to attorneys (and entities like bar associations) who represent individuals identified by the act. See 18 U.S.C. § 3006A(d)(1) ("Any attorney appointed pursuant to this section . . . shall . . . be compensated at a rate not exceeding . . . ."). Cf. U.S. v. McElhiney, 369 F.3d 1168, 1170 (10th Cir. 2004) (plain language of § 3006A(d)(1) "clearly limits reimbursement to expenses incurred by court-appointed attorneys and cannot reasonably be read to allow reimbursement to pro se

---

[5]Notably, Daley's petition was addressed to various federal entities and the District Court identified the Federal Bureau of Prisons as the proper respondent.

5

criminal defendants"); <u>Green v. United States</u>, 323 F.3d 1100, 1104 (8th Cir. 2003) ("the purpose of the reimbursement provision is to prevent the uncompensated servitude of attorneys appointed to aid in the representation of indigent persons"). Thus, Daley, a *pro se* litigant, cannot make a valid claim for attorney's fees under § 3006A.

Nor is Daley eligible for attorney's fees under the Hyde Amendment. The Hyde Amendment provides for an award of attorney's fees to a prevailing criminal defendant "where the court finds that the position of the United States was vexatious, frivolous, or in bad faith . . . ." Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997), *reprinted in* 18 U.S.C. § 3006A.[6] Habeas proceedings are not criminal proceedings, and therefore the Hyde Amendment is inapplicable here. <u>See</u> <u>Sloan v. Pugh</u>, 351 F.3d 1319, 1323 (10th Cir. 2003) (habeas proceeding was a "hybrid" type of case that fell outside the scope of the Hyde Amendment). <u>See also</u> <u>Parrott v. Gov't of the Virgin Islands</u>, 230 F.3d 615, 620 n.7 (3d Cir. 2000) ("habeas corpus proceedings are hybrid ones"). In addition, Daley was not a prevailing party in the underlying litigation because his habeas petition was

_____

[6]The Hyde Amendment provides in relevant part:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

6

dismissed for lack of jurisdiction. Daley's subsequent transfer to a federal facility did not transform him into a prevailing party for purposes of the Hyde Amendment. Finally, we reject Daley's claim that the various Constitutional amendments he cites entitle him to attorney's fees in a case where he was not even a prevailing party. We also conclude that the District Court did not err by failing to specify whether its denial of the motion for attorney's fees was with or without prejudice.

For these reasons, we agree with the District Court's conclusion that Daley was not entitled to attorney's fees and will summarily affirm the District Court's judgment.