**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL P. McELHINEY,

Defendant - Appellant.

No. 06-3134
(D. Ct. Nos. 05-CV-3225-RDR and
98-CR-40083-RDR)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Michael McElhiney, a federal prisoner appearing pro se, seeks a certificate of appealability ("COA") to challenge the District Court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* 28 U.S.C. § 2253(c)(1) (a petitioner may not appeal the denial of habeas relief under § 2255 unless a COA is issued). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. McElhiney was convicted of conspiracy to distribute and possess heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, and aiding and abetting the distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Mr. McElhiney committed these crimes as part of a prison drug smuggling operation while he was an inmate at the federal penitentiary in Leavenworth, Kansas. On direct appeal, Mr. McElhiney's appointed counsel raised four issues for review. This Court affirmed his conviction. *See United States v. McElhiney*, 85 Fed. App'x 112 (10th Cir. 2003). Mr. McElhiney now asserts that he received ineffective assistance of appellate counsel due to counsel's failure to raise seven additional issues on appeal. The District Court, in a thorough Memorandum and Order filed on March 2, 2006, denied Mr. McElhiney's § 2255 motion, and subsequently denied his request for a COA.

In order to prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and that such deficient performance resulted in prejudice to the defense—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). As an initial matter, appellate counsel is not required to raise every nonfrivolous issue.

Rather, "[t]he weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy, because every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Scott v. Mullin*, 303 F.3d 1222, 1230 n.4 (10th Cir. 2002). Furthermore, "if the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995) (internal quotation marks omitted).

Mr. McElhiney argues that his appellate counsel's performance was constitutionally deficient for failing to raise the following claims: (1) the trial judge erroneously excluded a prospective juror for cause; (2) an ambiguous question posed to prospective jurors might have resulted in an unrepresentative jury pool; (3) the Government failed to preserve exculpatory evidence; (4) Mr. McElhiney was the victim of entrapment as a matter of law; (5) new evidence indicates that the Government housed informant witnesses together in custody in order to rehearse and prepare their testimony; (6) the trial court erred in refusing to subpoena a witness Mr. McElhiney requested; and (7) Mr. McElhiney's sentence violates the Sixth Amendment as stated in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

As to Mr. McElhiney's fourth claim, entrapment as a matter of law exists "only when there is undisputed testimony which shows *conclusively* and *unmistakably* that an otherwise innocent person was induced to commit the criminal act." *United States v. Nguyen*, 413 F.3d 1170, 1178 (10th Cir. 2005) (internal quotation marks and alteration omitted). We have further explained that:

> [i]nducement is government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense. Simple evidence that a government agent solicited, requested, or approached the defendant to engage in criminal conduct, standing alone, is insufficient to constitute inducement. Inducement also will not be shown by evidence that the government agent initiated the contact with the defendant or proposed the crime.

*Id.* (internal quotation marks, citations, and alteration omitted). Mr. McElhiney's mere assertion that one of the Government's witnesses "began working for the government as a prison informant before the time of any of the alleged criminal activity in this case" cannot possibly meet the standard required to find entrapment as a matter of law and therefore counsel's failure to raise the issue on appeal does not amount to constitutionally deficient performance.

As for the rest of Mr. McElhiney's claims, for substantially the same reasons as given by the District Court, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *See Slack*, 529 U.S. at 484. Accordingly,

we DENY Mr. McElhiney's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge