# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3594

_____

Consuelo Sanguino,                            *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
     v.                                       *   District Court for the
                                              *   Northern District of Iowa.
United States of America,                     *
                                              *   [UNPUBLISHED]
            Appellee.                         *

_____

Submitted: January 28, 2011
Filed: February 2, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

     Federal prisoner Consuelo Sanguino appeals the district court's[1] denial of her
28 U.S.C. § 2255 motion.  This court granted a certificate on a single issue, whether
counsel was ineffective for failing to file an appeal as requested.  Sanguino has
expressly abandoned that issue in her appellate brief, however, and submitted her
affidavit stating she did not direct her attorney to file an appeal.

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern
District of Iowa.

Sanguino instead raises a new claim that her attorney was ineffective in failing to consult with her about an appeal.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (counsel has duty to consult when rational defendant would want appeal or particular defendant reasonably showed interest in appeal).  Our review is limited to those issues specified in the certificate of appealability, however.  See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999).  In any event, because Sanguino received the lowest Guidelines sentence following her guilty plea, counsel told her there were no meritorious grounds for appeal, and she did not express any interest in appealing her sentence, we see no plain error.  See Green v. United States, 323 F.3d 1100, 1103 (8th Cir. 2003) (declining to consider claim that counsel failed to consult about appeal, raised for first time on appeal, absent plain error resulting in miscarriage of justice; finding none where movant received lowest Guidelines sentence, counsel stated there were no grounds for appeal, and movant expressed no interest in appeal).  Thus, we summarily affirm.  See 8th Cir. R. 47B.

_____